Laura Hough, in Her Official Capacity :
as Washington County Prothonotary :
for the 27th Judicial District, :
                              Petitioner :
                                        :
              v.                        : No. 324 M.D. 2024
                                        : Submitted:  September 9, 2025
Patrick Ryan Grimm Esq., in His         :
Official Capacity as Washington         :
County Court Administrator for the      :
27th Judicial District,                 :
                              Respondent :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION
BY JUDGE WALLACE                          FILED:  October 31, 2025


        Before the Court in our original jurisdiction are the preliminary objections
(Preliminary Objections) of Respondent, Washington County Court Administrator
(Court Administrator),[1] to the third amended petition for review (Petition) of
Petitioner, Laura Hough, in her official capacity as Washington County Prothonotary

---

[1] While Patrick Ryan Grimm, Esq. (Grimm) was the Washington County Court Administrator
when Petitioner initiated this action, the parties acknowledge Grimm is no longer the Washington
County Court Administrator.  Because Petitioner brought this action against Grimm in his official
capacity, however, the current Washington County Court Administrator has assumed the role of
Respondent.  *See* Preliminary Objections ¶ 3.

(Prothonotary).[2] Because Prothonotary has not presented a claim upon which relief may be granted, we sustain Court Administrator's Preliminary Objection and dismiss the Petition with prejudice.

## I.       Background

Prothonotary's Petition begins by outlining two Local Rules of Civil Procedure in the Washington County Court of Common Pleas (Common Pleas), which Prothonotary asserts encroach upon Prothonotary's statutory authorizations. *See* Petition, 1/23/25 ¶¶ 4-7.[3]   First, Washington County Local Rule of Civil Procedure L-205.4(e)(4) (Local Rule L-205.4) provides:

> Nothing shall prohibit [Common Pleas] and/or [Court Administrator], or their respective designees, from directly filing an order, notice, or transcript into the C-Track[4] case management system or E-Filing Portal.  For purposes of this rule, an order may include an unfiled motion or petition that is attached to [an] order once it has been signed by a [C]ommon [P]leas judge.

*Id.* ¶ 5.  Second, Washington County Local Rule of Civil Procedure L-208.4 (Local Rule L. 208.4) provides:

> In all cases in which [Common Pleas] enters an order after initial consideration of a petition or motion, [Common Pleas] may . . . file and

---

[2]   Prothonotary filed her initial petition for review on June 20, 2024.  Prothonotary filed a first amended petition for review later that same day.  Thereafter, because Prothonotary's first amended petition for review sought only injunctive relief (which is not a cause of action) and was not properly served in accordance with the Rules of Appellate Procedure, this Court, by order entered July 3, 2024, directed Prothonotary to amend her first amended petition for review to include a cause of action and to reflect proper service upon Court Administrator.  Prothonotary then filed her second amended petition for review.  This Court sustained Court Administrator's preliminary objection to Prothonotary's second amended petition for review relating to failure to state a claim and dismissed Prothonotary's second amended petition for review without prejudice.  Prothonotary then filed the Petition, which included a request for a declaratory judgment.

[3]   We refer to paragraph numbers because Prothonotary did not paginate the Petition.

[4]   Local Rule L-205.4 consistently references a "C-Track E-Filing Portal," indicating Common Pleas' C-Track case management system has a portal for accepting electronic filings.

2

> docket the order directly into the case management system and require the Prothonotary to perform service . . . .

*Id.* ¶ 7. Prothonotary alleges Common Pleas' President Judge signed Administrative Orders to enact Local Rules L-205.4 and L-208.4 on May 6, 2024. *See id.* ¶¶ 4, 6, 10. Prothonotary also alleges one of Common Pleas' law clerks filed orders in the C-Track case management system "and used the Prothonotary Stamp" without Prothonotary's authorization. *Id.* ¶ 11.

Prothonotary asserts Pennsylvania law "mandates that the Prothonotary, an elected official, signs and seals all filings in the Prothonotary Office and be responsible for the creation and maintenance of the record." *Id.* ¶ 26. Prothonotary further asserts Court Administrator is not statutorily authorized to perform these tasks, yet Court Administrator has interpreted Common Pleas' Local Rules of Civil Procedure to "allow Court Administrator's employees to apply the Official Seal of the Prothonotary's Office, create new case numbers in the electronic case management system, and file initial and secondary documents . . . without the Prothonotary's oversight." *Id.* ¶¶ 19-22, 24-27. Prothonotary concedes Court Administrator is a member of Common Pleas' court staff. *Id.* ¶¶ 3, 19. Nevertheless, Prothonotary notes she has not entered a waiver of any of her functions and argues that while she is subject to court orders, those orders cannot override statutory provisions related to her office. *Id.* ¶¶ 24-25.

Prothonotary requests this Court enter a declaratory judgment establishing Prothonotary is solely responsible for applying the "Prothonotary's official seal," creating new case numbers in Common Pleas' electronic case management system, signing documents, and filing initial and secondary documents (the Contested Actions), and that Court Administrator may not perform the Contested Actions. *Id.* ¶¶ 36-42. Prothonotary also requests a temporary and permanent injunction

3

to prohibit Court Administrator from performing the Contested Actions. *Id.* ¶¶ 29-35. Prothonotary asserts permitting Court Administrator to perform the Contested Actions "without the Prothonotary's oversight would be tantamount to forgery and undermines the integrity of the judicial process, potentially leading to fraudulent or unauthorized legal actions and ultimately the erosion of public trust in the legal system." *Id.* ¶ 30.

Court Administrator filed the Preliminary Objections, asserting various deficiencies in the Petition. Court Administrator's primary contention is that Prothonotary has misconstrued Pennsylvania's laws relating to Prothonotary's functions and Common Pleas has the authority to oversee, perform, and delegate the Contested Actions. *See generally* Court Administrator's Br. As a result, Court Administrator argues the Petition fails as a matter of law. *Id.* Court Administrator further asserts Prothonotary does not have standing to assert its claims, the Petition does not set forth a viable cause of action, and the Petition does not name all real parties in interest.

## II. Analysis

> In ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421 (Pa. Cmwlth. 2018). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.*

*Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1274 (Pa. Cmwlth. 2021) (quoting *Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019)).

4

Prothonotary's claims rely upon Prothonotary's belief that the Judicial Code provides Prothonotary with exclusive authority to perform the Contested Actions. Therefore, we begin by examining the Judicial Code's provisions governing prothonotaries. Chapter 27 of the of the Judicial Code, titled "Office of the Clerk of the Court of Common Pleas," establishes that all documents relating to a matter before a court of common pleas "shall be filed in or transferred to the office of the clerk of the court of common pleas and handled by the appropriate office specified by or pursuant to this chapter." 42 Pa.C.S. § 2702. Chapter 27 has four subchapters, which address general provisions (42 Pa.C.S. §§ 2701-2705), prothonotaries (42 Pa.C.S. §§ 2731-2738), clerks of the courts (42 Pa.C.S. §§ 2751-2757), and clerks of orphans' court divisions (42 Pa.C.S. §§ 2771-2777).

While the names "clerk of the courts" and "clerk of the court of common pleas" are similar, it is important to note the General Assembly distinguished between the two, with the former being one of three sub-offices and the latter being the universal, or umbrella, term. *See* 42 Pa.C.S. § 2736 ("All matters or documents required or authorized to be filed in the **office of the clerk of the court of common pleas** shall be filed in the office of the prothonotary except: (1) Matters or documents specified in section 2756 (relating to matters or documents filed in the **office of the clerk of the courts**) [and] (2) Matters or documents specified in section 2776 (relating to matters or documents filed in the office of the clerk of the orphans' court division).") (emphasis added); *see also* 42 Pa.C.S. §§ 2751-2757.

5

Chapter 27's provisions governing prothonotaries establish one, elected prothonotary for the court of common pleas for every county in Pennsylvania.[5] *See* 42 Pa.C.S. §§ 2731, 2732. Each prothonotary "shall have custody of **a counterpart of the seal of the court** or courts for which he is the prothonotary." 42 Pa.C.S. § 2733 (emphasis added).[6] Further, each prothonotary "shall have the power and duty" to:

> (1) Administer oaths and affirmations and take acknowledgments . . . , but shall not be compelled to do so in any matters not pertaining to the proper business of the office.

> (2) Affix and attest **the seal of the court** or courts to all the process thereof and to the certifications and exemplifications of all documents and records pertaining to the office of the prothonotary and **the business of the court or courts of which it is the prothonotary**.

> (3) Enter all civil judgments, including judgments by confession.

> (4) Enter all satisfactions of civil judgments.

> (5) Exercise the authority of the prothonotary **as an officer of the court**.

> (6) Exercise such other powers and perform such other duties as may now or hereafter be vested in or imposed upon the office by law, home rule charter, order or rule of court, or ordinance of a county governed by a home rule charter or optional plan of government.

---

[5]  Philadelphia County, as an exception, has "one prothonotary for the Court of Common Pleas of Philadelphia County and the Philadelphia Municipal Court, who shall be known as the 'Prothonotary of Philadelphia.'" 42 Pa.C.S. § 2731. The Court of Common Pleas of Philadelphia County appoints the Prothonotary of Philadelphia. 42 Pa.C.S. § 2732.

[6]  Similarly, Section 2753 and 2773 of the Judicial Code provide that each Clerk of the Courts and each Clerk of the Orphans' Court Divisions "shall have custody of a counterpart of the seal of the court." 42 Pa.C.S. §§ 2753, 2773.

42 Pa.C.S. § 2737 (emphasis added).[7]

Chapter 27 of the Judicial Code's plain language provides that prothonotaries are officers of the courts of common pleas who may possess and utilize a counterpart of the court's seal. *See* 42 Pa.C.S. §§ 2733, 2737(5). There simply is no such thing as a seal of the prothonotaries of the courts of common pleas. *Id.* As a result, Prothonotary's arguments related to her ability to control the use of her own Prothonotary seal are misplaced.

Prothonotary's argument related to Prothonotary having not entered a waiver of her functions is also misplaced. Again, prothonotaries simply do not have any statutory authority to waive functions. Instead, that authority is provided only for the clerk of the courts and is restricted to waiving very limited functions. *Compare* 42 Pa.C.S. § 2756(b)(2) (permitting the clerk of the courts to waive specific functions), *with* 42 Pa.C.S. § 2736 (containing no similar waiver provision for prothonotaries).

In addition, Prothonotary's arguments related to Prothonotary's possession of exclusive authority to perform the Contested Actions are misplaced. Chapter 27 of the Judicial Code does not contain any language to indicate Prothonotary's power and authority to perform the Contested Actions is exclusive. *See generally*

---

[7] The powers and duties of both the Clerks of Courts and the Clerks of the Orphans' Court Divisions are very similar to the powers and duties of the Prothonotaries. *See* 42 Pa.C.S. §§ 2757, 2777. Specifically, all three offices must exercise their authority as an officer of the court, and all three are permitted to "affix and attest the seal of the court or courts to all the process thereof." *Id.* The Clerks of Courts differ from Prothonotaries in that they handle criminal matters, such that they cannot perform the actions in Section 2737(3)-(4), but they can "enter all criminal judgments entered by confession." *See* 42 Pa.C.S. § 2757. Similarly, the Clerks of Orphans' Court Divisions cannot perform the actions in Section 2737(3)-(4), but they can "[e]nter all orders of the court determined in the [Orphans' Court division], including judgments by confession," and "[e]nter all satisfactions of judgments entered in the [Orphans' Court division]." *See* 42 Pa.C.S. § 2777.

42 Pa.C.S. §§ 2701-2777. In numerous other contexts, the General Assembly has demonstrated an ability to clearly grant exclusive power and authority. *See, e.g.*, Section 3029 of the Second Class City Code, Act of July 28, 1953, P.L. 723, 15 P.S. § 6029 ("county commissioners shall have exclusive power . . ."); Section 8 of the Pennsylvania Labor Relations Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. § 211.8(a) (the Pennsylvania Labor Relations Board "is empowered . . . to prevent any persons from engaging in any unfair labor practice . . . [; t]his power shall be exclusive . . ."); 53 Pa.C.S. § 5607(d)(9) (municipal authorities may "exclusively" determine rates); Section 15 of the Commissioners of Fairmount Park and Their Powers and Duties, Act of April 14, 1868, P.L. 1083, 53 P.S. § 16478 (park commissioners "shall have exclusive power to . . ."); 61 Pa.C.S. § 6132 (the Pennsylvania Parole Board "shall have exclusive power . . ."); 61 Pa.C.S. § 6172 (the department of corrections "shall have exclusive power to . . ."); 66 Pa.C.S. § 2702 (the public utility commission "is hereby vested with exclusive power to . . ."). Therefore, we conclude Prothonotary's powers are not exclusive.

Consistent with these principles, Pennsylvania's appellate courts have protected the authority of the courts of common pleas to control their own records. In *Delco Ice Manufacturing Co. v. Frick Co., Inc.*, 178 A. 135, 137-38 (Pa. 1935), while factually distinguishable, the Pennsylvania Supreme Court made clear that prothonotaries perform judicial duties[8] and all documents filed with a prothonotary are judicial records if they "relate[] to litigation present or prospective." The Court further established "**every court has absolute control over its own records** and

---

[8] The "role of the prothonotary of the court of common pleas, while vitally important, is purely ministerial . . . . Further, as '[t]he prothonotary is merely the clerk of the court of Common Pleas[,] [h]e has no judicial powers . . . .'" *Olenginski v. Cnty. of Luzerne*, 24 A.3d 1103, 1105 (Pa. Cmwlth. 2011). Thus, while a county's electorate selects a prothonotary and the elected prothonotaries perform judicial duties, they are not judicial officers.

may amend, correct, expunge, or otherwise control them." *Id.* at 138 (emphasis added).

Recently, the Pennsylvania Supreme Court noted prothonotaries "are executive-branch row officers who perform essential recordkeeping functions on behalf of the judiciary." *In re: Decl. of Jud. Emergency for the Twelfth Jud. Dist.*, No. 620 Jud. Admin. Docket (June 29, 2024) (citation omitted). Nevertheless, "[g]iven the importance of judicial records to the proper and timely administration of justice, by necessity the judiciary supervises the recordkeeping function" of county prothonotaries. *Id.* Consistent with its supervisory authority, courts of common pleas have removed row officers from their positions when they fail to properly perform the functions of their offices. *See, e.g.*, *Westmoreland Cnty. Reg. of Wills Off. Functions*, No. 65-24-0000 (Westmoreland Cnty. Order, May 13, 2024) (appointing a conservator to operate the office of register of wills and clerk of orphans' court due to the register's dereliction of duties).

With the role and authority of prothonotaries of the courts of common pleas in mind, we conclude Prothonotary cannot exclude Common Pleas from exercising its authority to control its own records or from performing the Contested Actions. Common Pleas could, in certain circumstances, validly delegate the Contested Actions to Court Administrator, as a member of Common Pleas' court staff. Therefore, Prothonotary's request for a declaratory judgment, indicating Court Administrator may *never* perform the Contested Actions, fails as a matter of law.[9]

---

[9] Prothonotary has not presented any allegations that Court Administrator has filed, or even attempted to file, documents under Local Rules L-205.4 and L-208.4. If Prothonotary discovers Court Administrator is performing Prothonotary's functions without authorization from Common Pleas, Prothonotary may file a new action raising allegations specifically related to those filings.

9

### III. Conclusion

For the reasons set forth above, we sustain Court Administrator's Preliminary Objection relating to failure to state a claim upon which relief may be granted and dismiss Prothonotary's Third Amended Petition for Review with prejudice.[10]

_____
STACY WALLACE, Judge

---

[10] Due to our disposition, we need not evaluate Court Administrator's remaining Preliminary Objections.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Laura Hough, in Her Official Capacity : 
as Washington County Prothonotary : 
for the 27th Judicial District, : 
                     Petitioner : 
                     : 
           v. : No. 324 M.D. 2024
                     : 
Patrick Ryan Grimm Esq., in His : 
Official Capacity as Washington : 
County Court Administrator for the : 
27th Judicial District, : 
                     Respondent : 

# **O R D E R**

     **AND NOW**, this 31st day of October 2025, Respondent's preliminary objection relating to failure to state a claim upon which relief may be granted is **SUSTAINED**, and Petitioner's Third Amended Petition for Review is **DISMISSED** with prejudice.

_____
STACY WALLACE, Judge